## John H. McMillan and Julius F. W. Thomsen
### v.
## Cyrus H. McCormick, Jr.

*Limitations—Sec. 11, Chap. 83, R. S.—Whether Applicable to Prior Trust Deed—Practice—Affirmance.*

Upon a bill filed to enjoin the foreclosure of a trust deed, charging that, under Sec. 11, Chap. 83, R. S., the right to foreclose has been lost and is perpetually barred, and that said trust deed is no longer a lien upon the lands therein described and is a cloud on complainants' title thereto, it is *held:* That, as the rights of the parties depend upon whether said section applies to a trust deed executed prior to its enactment, as its construction by the Supreme Court seems desirable, and as this court has been unable to sustain the position of the complainants, it is best simply to affirm the decree and allow the case to go directly to the Supreme Court.

[Opinion filed June 8, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. Robert B. Kendall, for appellants.

Messrs. Jenkins & Harkness, for appellee.

*Per Curiam.* This was a bill in equity, brought by appellants against appellee, McCormick, and Gerhard Foreman, to enjoin the foreclosure of a trust deed.

The bill alleges that the complainants are severally seized in fee of two certain parcels of land situate in the City of Chicago; that complainant McMillan obtained title to one of said parcels under a Sheriff's deed, upon a sale made by virtue of a judgment recovered by him at the July term, 1875, of the Superior Court of Cook County, against Samuel J. Walker; that complainant Thomsen obtained title to the other parcel under a Sheriff's deed, by virtue of a judgment recovered by one Schloesser against Samuel J. Walker and Henry H. Walker,

in said Superior Court, September 14, 1874; that November 18, 1868, said Henry H. Walker, claiming to be the owner in fee of both of said parcels of land, executed a trust deed thereon to said Foreman as trustee, to secure the payment of said Walker's promissory note of that date for $20,000, payable November 21, 1870, of which said note McCormick claims to be the legal holder; that the defendant Foreman, at the request of McCormick, has caused the notice of sale of complainants' said lands to be published, claiming to act under the power of sale in said trust deed.

The bill charges that under the provisions of section 11 of chapter 83 of the Revised Statutes, the right to foreclose said trust deed, by sale of said lands, has been lost and is perpetually barred; that said trust deed is no longer a valid lien upon the lands therein described and is a cloud on complainants' title which ought to be removed.

The bill was taken *pro confesso* as to the defendant Foreman. McCormick demurred, assigning, among other causes, "that upon the face of said bill, and the facts stated in it, it does not appear that the right to have the said power of sale exercised, or the liability of said land to be sold under said trust deed, or the cause of action accrued under said note and trust deed, all of which were in existence before the act stated and relied upon by said complainants went into effect, were or are affected by said act so relied upon or within the provisions of the same, but are by those provisions excluded therefrom." The court sustained the demurrer and dismissed the bill, and complainant appealed to this court.

. As the decision of the principal question presented by the record depends upon the proper construction and effect of section 11 of the act in relation to limitations, Ch. 83 R. S., approved April 4, 1872, in respect to which we have been unable to reach a conclusion favorable to appellants entirely satisfactory to ourselves, and inasmuch as it seems desirable that a construction should be given to said section of the statute by the Supreme Court for the guidance of inferior tribunals, we have deemed it best simply to affirm the decree of the court below and allow the case to go directly to the Supreme Court.

As to the  point made by appellants, that the court erred in dismissing the bill, after a default and decree *pro confesso*, against Foreman, it is only necessary to say that it being held that the case made by the bill is insufficient to entitle the complainants to the relief sought as to McCormick, and should be dismissed as against him, the case, as to Foreman, necessarily falls with it.

*Affirmed.*